## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CARL E. WATSON,**

      **Plaintiff,**

      **v.**

**DENIS McDONOUGH, in his capacity as Secretary of the Department of Veterans Affairs,**

      **Defendants.**

**Case No. 6:22-cv-1275-HLT**

## MEMORANDUM AND ORDER

Plaintiff Carl E. Watson, a military veteran with service-connected disabilities, brings this action against the Secretary of the Department of Veterans Affairs ("VA"). Plaintiff proceeds pro se.[1] He seeks $5 million in damages for a host of complaints arising from the VA's benefits-related decisions and actions. The VA moves to dismiss (Doc. 24). Plaintiff responded multiple times.[2] The VA contends that (1) the Court lacks subject matter jurisdiction over most (if not all) of Plaintiff's claims, and (2) any claim over which the Court has subject matter jurisdiction fails to state a claim. The Court agrees and dismisses the case.

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

[2] Plaintiff first responded on May 8, 2023. Doc. 27. But he then asked for additional time to respond more fully. Doc. 29. The Court granted Plaintiff's request. Doc. 30. Plaintiff had until June 9 to file an amended response brief. Plaintiff then filed some documents on June 8 (a response and a motion for an additional ten days) (Docs. 33 & 34), as well as another document on June 14 (a reply which could be construed as an additional response to the motion to dismiss) (Doc. 39). The Court considers the motion to dismiss fully-briefed. The Court has considered the content of Plaintiff's miscellaneous filings through June 14, construing them liberally. Ultimately they do not change the outcome of the case. Plaintiff sought leave after June 14 to file several documents under seal. *See, e.g.*, Docs. 48-53. These documents appear to be some of Plaintiff's VA health records and additional analysis and argument by Plaintiff about why Plaintiff's disability ratings are incorrect. These documents were filed in three cases. The Court has not considered the content of these later-filed documents because they are untimely. They also do not impact the outcome of the case, instead only emphasizing that what Plaintiff wants is review of VA benefits decisions.

## I.     BACKGROUND[3]

Plaintiff is a military veteran. He was on active duty with the Army from July 1967 through July 1971. He has service-connected disabilities, has been assigned a disability rating, and receives VA health benefits.

Plaintiff has received care over the years at various VA medical centers, including Phoenix, Memphis, and Nashville. He disputes diagnoses given by the VA, disability ratings, and statements made in his medical record. He also challenges VA decisions about his treatment and care, including use of an electric wheelchair. He asserts some of his treatment was based on his race and gender and some of it constitutes medical malpractice.[4] The time frame of Plaintiff's complaints spans 2007 through 2021.

## II.    STANDARD

### A.     Fed. R. Civ. P. 12(b)(1)

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) can generally take two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). In that situation, the allegations in the complaint are accepted as true. *Id*. A factual attack looks beyond the operative complaint to the facts on which subject matter jurisdiction depends. *Id*. at 1003. The VA brings a facial attack because it challenges the

---

[3]   The following facts have been drawn from Plaintiff's amended complaint and are accepted as true for purposes of resolving the motion to dismiss.

[4]   Plaintiff disavows a medical malpractice claim in his first response brief. *See* Doc. 27 at 2. But his amended complaint mentions it multiple times. *See, e.g.*, Doc. 4 at 3, 5, & 8.

sufficiency of Plaintiffs' complaint. The Court therefore accepts the allegations in the complaint as true and considers whether those allegations establish subject matter jurisdiction. *Id.* at 1002.

###### B.      Fed R. Civ. P. 12(b)(6)

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). A court undertaking this analysis accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

### III.    ANALYSIS

Plaintiff's claims are difficult to discern. The Court has reviewed all his filings at length and believes the following list accurately and broadly describes his claims. To the extent Plaintiff intended to bring additional claims not specifically identified below, the Court believes they are encapsulated by these claims or fail for the same reasons these claims fail. Construing Plaintiff's complaint liberally, the following claims are at issue:

(1)  Tort Claims under the FTCA:

   a.  A white female psychiatrist falsely diagnosed him with Schizophrenia, which is defamatory, libelous, discriminatory, and constitutes medical malpractice;

      b.  A white male doctor incorrectly measured Plaintiff's range of motions, resulting in a lower disability rating than Plaintiff should have;

      c.  The VA committed medical malpractice, violated VA rules and regulations, and discriminated against him[5] by denying his claim for Total Disability Individual Unemployability ("TDIU"), refusing to accept his bulging disc as a separate condition, refusing to accept his claim for an imbalance symptom, and conditioning receipt of an electric wheelchair on purchasing a vehicle and participating in physical therapy;

      d.  The VA wrote and submitted false statements, which constituted defamation and libel;

(2)  <u>Criminal False Statements Claim</u>: VA employees submitted false statements in violation of 18 U.S.C. § 1001;

(3)  <u>Disability Claims</u>: Two VA contractors refused to accommodate him in violation of the ADA and the Rehabilitation Act;

(4)  <u>Section 1983 Claims</u>: the VA violated § 1983 by taking unspecified actions;

(5)  <u>Fourteenth Amendment Claim</u>: The VA violated the Fourteenth Amendment when a white psychologist denied Plaintiff's PTSD claim and wrote that Plaintiff never had an injury or accident in the military;

(6)  <u>Race- and Sex-Based Discrimination Claims</u>: VA employees violated the Civil Rights Act of 1964, the Civil Rights Restoration Act of 1987, and the Civil Rights Act of 1991 by committing hate crimes and discriminating on the basis of race and sex;

(7)  <u>Privacy Act Claim</u>: The VA violated section of 552(e)(1) of the Privacy Act of 1974; and

(8)  <u>HIPAA Claim</u>: The VA violated the Health Insurance Portability and Accountability Act.

The Court groups these claims into ones over which the Court lacks jurisdiction and ones that fail to state a claim. The Court determines that it lacks jurisdiction over the first five groups of claims. The last three groups fail to state a claim upon which relief can be granted.

---

[5] Discrimination does not fall under the FTCA, but Plaintiff's allegations of discrimination fail for the reasons discussed *infra.*

### A.      Issues of Subject Matter Jurisdiction

#### 1.      Exclusive Jurisdiction under the VJRA

Most of Plaintiff's claims suffer one fatal flaw: they are connected to decisions regarding Plaintiff's medical benefits. There are a few claims that arguably do not suffer this flaw (i.e., Privacy Act and HIPAA claims). But most of them relate to medical benefits, thereby depriving this Court of jurisdiction under the Veterans Judicial Review Act of 1988 ("VJRA").

The Court lacks jurisdiction to review any decision by the VA affecting the award or withholding of benefits. *See* 38 U.S.C. § 511(a); *see also Nails v. Slusher*, 628 F. App'x 625, 625 (10th Cir. 2016); *Weaver v. United States*, 98 F.3d 518, 519-20 (10th Cir. 1996). It is the substance of the claims, not their label, that impacts this Court's jurisdiction. *Weaver*, 98 F.3d at 520 (rejecting labels like "conspiracy," "fraud," and "misrepresentation" in concluding that the substance of the claim was "nothing more than a challenge to the underlying benefits decision").

Plaintiff phrases his claims in many different ways: defamation, libel, medical malpractice and discrimination. But nearly all of them challenge a benefits decision or diagnosis related to benefits. Congress provides a specific avenue for challenging those types of VA decisions. It is not the federal district court. Instead, a veteran who disagrees with a decision of the VA about medical benefits may file a notice of disagreement with the Board of Veterans' Appeals ("BVA"). 38 U.S.C. § 7105(a), (d). If the veteran remains dissatisfied, he may appeal the BVA's decision to the United States Court of Appeals for Veterans claims ("CAVC"). *Id.* §§ 7251, 7252(a). And from there, the veteran may seek Federal Circuit review, *id.* § 7292(c)-(d), and ultimately Supreme Court review, *id.* § 7292(c). But judicial review by district courts is precluded by this process. A federal district court lacks jurisdiction if (1) the Secretary of Veterans Affairs has issued a decision

that affects the provision of veterans' benefits, and (2) judicial review "would require the district court 'to determine first whether the VA acted properly'" in handling a request for benefits. *Thomas v. Principi*, 394 F.3d 970, 974 (D.C. Cir. 2005).

A finding that the VA committed medical malpractice in reviewing Plaintiff's medical issues would necessarily be a determination of whether the VA acted properly in determining benefits. A decision that the VA committed libel or slander in relaying Plaintiff's medical problems would also require review of whether the VA acted properly in determining benefits. This Court would be required in either situation to make determinations it lacks jurisdiction to make. The Court therefore finds it lacks subject matter jurisdiction over the majority of Plaintiff's complaints and dismisses them without prejudice.[6]

### 2.    FTCA Claims

Even if Plaintiff's claims were not precluded by the VJRA, his tort claims independently present their own problems. Plaintiff's myriad tort claims must be brought under the FTCA. 28 U.S.C. § 2679(b)(1) (providing that a suit against the United States is the exclusive remedy for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). The FTCA provides a limited waiver of sovereign immunity and "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Wexler v. Merit Sys. Prot. Bd.*, 1993 WL 53548, at *2 (10th Cir. 1993). But Plaintiff has not named the United States as a party, and both defamation and libel are excluded from the FTCA's waiver of sovereign immunity.

---

[6]    Transfer of the claims under 28 U.S.C. § 1631 is inappropriate because the CAVC is not an eligible transfer court identified in 28 U.S.C. § 610. *Kalick v. United States*, 109 Fed. Cl. 551, 560-61 (Fed. Cl. 2013).

###### a.     Identification of Proper Defendant

The only proper defendant in an FTCA tort action is the United States. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citation omitted). Plaintiff did not name the United States as a defendant. He sues the Department of Veterans Affairs. This is fatal to his tort claims.

But even if the Court gave Plaintiff leave to amend to substitute the United States as a defendant, the claims have other problems, which are discussed *infra*.

###### b.     Waiver of Sovereign Immunity

If the United States were properly named, the defamation and libel claims would still fail because the United States hasn't waived its sovereign immunity for these types of torts. Under the FTCA, certain types of tort claims are not permitted, including claims for libel, slander, misrepresentation, deceit, or interference with contract rights. See 28 U.S.C. § 2680(h); *Cooper v. Am. Auto. Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992) (holding that § 2680(h) applies to defamation claims). Accordingly, Plaintiff's purported claims for defamation and libel are specifically prohibited by the FTCA, and the Court therefore lacks jurisdiction over those claims. *See Garling v. U.S. EPA*, 849 F.3d 1289, 1298-99 (10th Cir. 2017).

###### 3.     Claim Based on a Criminal Statute

Private citizens cannot enforce criminal statutes. *Martinez v. Ensor*, 958 F. Supp. 515, 518 (D. Colo. 1997) (citations omitted). Plaintiff attempts to bring a claim under 18 U.S.C. § 1001. But § 1001 is a criminal statute and does not offer Plaintiff a cause of action. *Greene v. Tenn. Bd. of Jud. Conduct*, 693 F. App'x 782, 783 (10th Cir. 2017) ("[Plaintiff's] only asserted basis for federal question jurisdiction is 18 U.S.C. § 1001, which is a criminal statute that does not confer jurisdiction in this civil lawsuit."); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th

Cir. 1987) (finding no civil cause of action under 18 U.S.C. § 1001). Plaintiff lacks standing to enforce a criminal statute. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). The Court therefore lacks jurisdiction over Plaintiff's § 1001 claim. *See Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie* , 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

### 4.  ADA and Rehabilitation Act Claims

Plaintiff's next claims relate to his alleged disabilities. Plaintiff asserts that two VA contractors refused to accommodate him by modifying the time and location of an appointment. And he also asserts retaliation based on his "lawsuit against white VAMC employees." These claims present additional problems. First, the United States and its agencies are specifically excluded from coverage under the ADA. 42 U.S.C. § 12111(5)(b)(i); *Hernandez v. United States*, 2018 WL 3795300, at *2 (W.D. Tex. 2018). The United States is shielded by sovereign immunity for ADA claims against it. *Parker v. Berryhill*, 2017 WL 4697511, at *3 (D. Kan. 2017). The Rehabilitation Act is the proper vehicle to challenge disability-related claims. But the Rehabilitation Act does not allow claims for monetary damages against the federal government. *Lane v. Pena*, 518 U.S. 187, 191-97 (1996); *Sanders v. Shinerki*, 2012 WL 5985469, at *4 (D. Kan. 2012) (dismissing for lack of subject matter jurisdiction because Plaintiff did not seek injunctive relief on her Section 504 claim). Plaintiff only seeks damages.[7]

Second, Plaintiff alleges independent contractors engaged in the activity violating the ADA and Rehabilitation Act. The independent contractors are not defendants in this case, and Plaintiff cites no authority suggesting the United States or its agencies can be liable for the acts of an independent contractor under these statutes.

---

[7]  The Court notes that Plaintiff asks the Court to deem his "illegal Schizophrenia diagnosis" in violation of VA Rules and Regulations. But even if this is a request for injunctive relief, it is unrelated to Plaintiff's Rehabilitation Act claims.

The Court lacks jurisdiction over Plaintiff's disability-related claims and dismisses them without prejudice.

### 5.      Section 1983 and Fourteenth Amendment Claims

Plaintiff asserts a claim under § 1983. The Court is not entirely sure what that claim is, but the content of the claim is immaterial. Section 1983 applies to state and local entities, not the federal government or its agencies. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000). The United States has not waived its sovereign immunity for § 1983 claims. *Beals v. U.S. Dep't of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012).

Plaintiff also cites the Fourteenth Amendment. But this provision is likewise inapplicable to claims against the federal government. *Dry*, 235 F.3d at 1255-56. Neither claim is viable. The Court dismisses them for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for these claims.

### B.      Rule 12(b)(6) Analysis

### 1.      Race and Sex Discrimination Claims

Plaintiff asserts race- and sex-based discrimination claims based on the actions of a white female psychologist, a white male doctor, and the Secretary of Veterans Affairs. But none of the statutes Plaintiff cites give him a right of action: (1) Title IV of the Civil Rights Act of 1964; (2) The Civil Rights Restoration Act of 1987; and (3) Civil Rights Act of 1991.

<u>First</u>, Title IV does not apply. Title IV relates to desegregation of public schools. It has no relation to this case. <u>Second</u>, the Civil Rights Restoration Act provides a broader definition of the term "program or activity." Pub. L. No. 100-259, 102 Stat. 28 (1988). But it does not do so for any statute under which Plaintiff brings a claim. <u>Third</u>, the Civil Rights Act of 1991 applies to

employment actions. Plaintiff has not alleged he was employed by the VA. None of these statutes has any relevance here.

Finally, even assuming one or more of these laws were applicable, Plaintiff fails to plead any facts to support a claim for race- or sex-based discrimination. "[G]eneral assertions of discrimination and retaliation, without any details whatsoever of events leading up to [the event], are insufficient to survive a motion to dismiss." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (citations and quotations omitted). Specific facts are unnecessary. But <u>some</u> facts are. *Id.* Plaintiff's allegations are conclusory and generalized allegations of discrimination. The amount to no more than allegations that other individuals' race and/or sex are different from Plaintiff's. These allegations fail to state a claim for unlawful discrimination.

### 2.    Privacy Act Claim

Plaintiff alleges the VA violated 5 U.S.C. § 552a(e)(1). This statutory provision of the Privacy Act requires that each agency "maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President." Plaintiff fails to plausibly allege a Privacy Act claim because he does not allege that any VA employee willfully or intentionally violated the Privacy Act. *See Andrews v. Veterans Admin. of U.S.*, 838 F.2d 418, 424 (10th Cir. 1988). ("[E]ven if the Privacy Act is violated, no punishment may be imposed unless the agency acted in a manner which was intentional or willful."). And the Privacy Act requires that actual damages be "specially pleaded and proved." *F.A.A. v. Cooper*, 566 U.S. 284, 299 (2012). Plaintiff fails to allege that he sustained "proven pecuniary or economic harm" from any violation of the Privacy Act. *Id.* Plaintiff therefore fails to state a claim under the Privacy Act.

### 3.   HIPAA Claim

Plaintiff's final claim is for violation of HIPAA. But HIPAA does not create a private right of action. *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019). The Court therefore dismisses this claim.

### C.   Unnamed, Unserved Defendants

The resolution of this motion leaves no served defendants remaining in the case. But Plaintiff also lists "Multiple VAMC employees" as additional Defendants. He loosely identifies who they may be throughout the amended complaint. *See* Doc. 4-1 at 49-51 (listing some names, such as Sheryl Ann Ebert, but also identifying others by description only, such as the "first male psychiatrist at the VAMC in Nashville, TN . . ."). This tactic is insufficient to state a claim against anyone else he may have intended to sue.

The Court dismisses the claims against the unserved defendants for the same reasons the Court has dismissed all other claims in this case. *See Smith v. Cooper*, 2012 WL 1094431, at *5 (N.D. Cal. 2012) ("[S]ummary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed and (3) Plaintiff has been provided an opportunity to address the controlling issues.") (citation omitted). This is appropriate for several reasons.

First, the unserved defendants are similarly-situated to the VA. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *see also Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1344 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally

related."); *Gibbs v. Ocwen Loan Servicing, LLC*, 2014 WL 4414809, at *9 (N.D. Tex. 2014) ("The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants." (citation omitted)).

Second, Plaintiff has had a full and fair opportunity to explain to the Court why his claims should survive dismissal. The issues have been fully briefed and Plaintiff has been given multiple opportunities and additional time to perfect his response to the VA's arguments.

Third, Plaintiff has already exceeded the allowed time to serve the remaining defendants and has not sought an extension. But he has filed two additional cases (Nos. 23-1109 and 23-1120), which name as defendants people who appear to be the unserved defendants in this case. So Plaintiff may pursue his viable claims against them in the other pending cases. There is no need to further delay this case by several months so that they can be identified, served with process, retain counsel, and file their own motions to dismiss, asserting many of the same reasons already raised here. *See Williams v. Kernan*, 2019 WL 1207454, at *8 (N.D. Cal. 2019).

This case has been pending for six months with no substantial progress. And "in many cases, it may be that by the time the court has entered final judgment as to all served defendants, service on the unserved defendants would be untimely" and "[i]n those circumstances, the court's judgment as to all served defendants 'effectively terminates' the plaintiff's litigation." *Flanagan v. Islamic Republic of Iran*, 190 F. Supp. 3d 138, 155 (D.D.C. 2016) (quoting *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001)) (additional citation omitted).

Finally, the Court notes that any other outcome would be inconsistent with Fed. R. Civ. P. 1. Plaintiff has had a full opportunity to litigate all his claims against the VA in this case and failed to win. A contrary result would require the unserved parties, and the Court's limited resources, to

litigate the same issues (potentially over and over), as Plaintiff engages in tardy and piecemeal service. This is neither desirable nor consistent with Rule 1.

## IV.     CONCLUSION

The Court has reviewed Plaintiff's claims mindful of his pro se status. But even viewed under the less stringent standard afforded pro se litigants, Plaintiff's allegations fail to confer jurisdiction on this Court or fail to state a claim. The Court dismisses all Plaintiff's claims. The claims identified *supra* as Claims 1-5 are dismissed without prejudice. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (noting that a Rule 12(b)(1) dismissal is typically without prejudice). The claims identified *supra* as Claims 6-8 are dismissed with prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (noting that a Rule 12(b)(6) dismissal is typically with prejudice).

The Court realizes that Plaintiff has many frustrations with his medical assessments and treatment by the VA. But under the law, there is a statutory process for challenging the VA's determinations regarding medical benefits. This Court does not have a role in that process. The Court is sympathetic to Plaintiff's situation, but is bound by the law and cannot provide Plaintiff relief.

THE COURT THEREFORE ORDERS that the VA's motion to dismiss (Doc. 24) is granted. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's first five identified claims against the VA. The second group of claims against the VA are DISMISSED WITH PREJUDICE.

THE COURT FURTHER ORDERS that all claims against the unserved defendants are DISMISSED. Consistent with the treatment of claims against the served defendants, the first five identified claims against the unserved defendants are DISMISSED WITHOUT PREJUDICE. The

second group of claims against the unserved defendants are DISMISSED WITH PREJUDICE.

The case is closed.

IT IS SO ORDERED.


Dated: July 10, 2023                    /s/  *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE